5I

**PAID**
#40049299-FL

15

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

DOMINIC J. SCOTT,

Plaintiff,

v

BOYSVILLE OF MICHIGAN, BROTHER FRANCIAS BOYLAN, STACY CANTU, EMPLOYEE DRUFFS, EMPLOYEE NORMAN, EMPLOYEE TINSLEY, and FAMILY INDEPENDENCE AGENCY,
jointly and severally,

Defendants.

No: 05-70996

Judge: ARTHUR J. TARNOW

**COMPLAINT AND JURY DEMAND**

MAGISTRATE JUDGE MONA K. MA

Steven T. Lett (P31241)
Attorneys for Plaintiff
Wilson, Lett & Kerbawy, PLC
209 N. Walnut, Suite A
Lansing, Michigan 48933
(517) 372-4204

FILED
MAR 15 2005
U.S. DISTRICT COURT
FLINT, MICHIGAN

**COMPLAINT**

NOW COMES the Plaintiff, Dominic J. Scott, by and through his attorneys, WILSON, LETT & KERBAWY, PLC, and hereby complains of the above named Defendants as follows:

**I. JURISDICTION**

1. The United States District Court for the Eastern District of Michigan has subject matter jurisdiction over this claim as conferred by 28 USC 1331, 1343 (3), (4). In addition, the amount in controversy here exceeds the sum of $75,000.00.

**II. VENUE**

2. The United States District Court for the Eastern District of Michigan is the proper venue for this action because all of the complained of actions occurred within this District.

**III. PARTIES**

3. Plaintiff, Dominic J. Scott, is presently an adult and competent individual who resides in the State of Michigan. At certain relevant times herein, the Plaintiff was a minor.

4. The Defendant, Boysville of Michigan, is, and at all times mentioned in the Complaint was, a corporation organized and existing under the laws of the State of Michigan, with its principal place of business located at 8744 Clinton-Macon Road, Clinton, Michigan.

5. The Defendant, Brother Francias Boylan, is an adult and competent individual who at all relevant times herein was the Director of Boysville of Michigan.

6. The Defendants, Stacey Cantu, Employee Druffs, Employee Norman, and Employee Tinsley, are adults and competent individuals who at all relevant times were employees of Boysville of Michigan and were responsible for the care and custody of Plaintiff.

7. The Defendant, Family Independence Agency, is, and at all relevant times mentioned in the Complaint was, an entity organized under the laws of the State of Michigan and its principal place of business is located at 106 West Allegan, Suite 300, Lansing, Michigan.

## IV. FACTUAL BACKGROUND APPLICABLE TO ALL CLAIMS

8. Plaintiff was involuntarily placed into Boysville of Michigan at the request of the Family Independence Agency in April of 1999. Plaintiff remained in this placement until June of 2000.

9. Boysville of Michigan and the Family Independence Agency had at all times the duty to protect the health and welfare of Plaintiff.

10. On several occasions, including December 16, 1999, the above named staff members would force the residents of Boysville to wrestle and fight with each other, in violation of the rules at Boysville.

11. The resident who won the wrestling match would be paid money by the staff.

12. Staff members forced the residents to be "lookouts" while staff members had sexual intercourse in the day room.

13. On at least two occasions, around Christmas of 1999 and again in January of 2000, staff member and Agent of Boysville, Stacy Cantu, abused her position of authority and forced Plaintiff to have sexual intercourse with her. At the time, Plaintiff was 13 years of age.

14. On an ongoing basis the staff jeopardized the health and welfare of the residents by allowing the wrestling and fighting to occur.

15. Staff members used their position of authority and physical violence to intimidate the residents and Plaintiff not to report the behavior.

16. Several staff members were terminated as a result of these occurrences.

17. Plaintiff learned how to fight while in Boysville as a way to cope with, and survive, life inside the institution.

## V. FIRST CAUSE OF ACTION - 42 USC 1983
## CIVIL ACTION FOR DEPRIVATION OF RIGHTS
## FOURTEENTH AMENDMENT VIOLATIONS

18. Paragraphs 1 through 17 are incorporated by reference as if fully set forth at length herein.

19. When the events alleged in this complaint occurred, the Defendants were acting within the scope of their employment and under color of law.

20. At all material times, Defendant Boysville employed the above named employees and is liable for their acts. Boysville is also liable because of its policies, practices, and customs, which lead to this complained of violation.

21. Plaintiff's constitutionally protected rights that Defendants violated include the following:

    a. his right to liberty protected in the substantive component of the Due Process Clause of the Fourteenth Amendment, which includes personal safety and protection.

    b. his right to fair and equal treatment guaranteed and protected by the Equal Protection Clause of the Fourteenth Amendment.

22. Defendants, acting under color of law, took Plaintiff into physical custody and in so doing, established a special custodial relationship with Plaintiff, giving rise to affirmative

duties on their part to secure for him the constitutionally protected rights identified above.

23. Defendants' violation of their affirmative duties to Plaintiff while he was under Defendants' custodial control is a direct and proximate cause of the subsequent deprivation of Plaintiff's constitutional rights described above.

24. Defendant Employees, acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights. Further, their actions in forcing Plaintiff to wrestle and have sexual intercourse showed deliberate indifference to Plaintiff's health, safety, and well-being and was a deprivation of his constitutionally protected rights.

25. As a direct and proximate result of Defendants' conduct, Plaintiff suffered physical and emotional injury, loss of freedom, and was deprived of other constitutionally protected rights described above.

26. Defendants Boysville and Family Independence Agency, acting under color of state law, authorized, tolerated, ratified, permitted, or acquiesced in the creation of policies, practices, and customs, establishing a de facto policy of deliberate indifference to individuals such as Plaintiff.

27. As a direct and proximate result of these policies, practices, and customs, Plaintiff was deprived of his constitutionally protected rights described above.

WHEREFORE, Plaintiff requests judgment against Defendants as set forth below.

## VI. <u>SECOND CAUSE OF ACTION - 42 USC 1983</u>

## <u>CIVIL ACTION FOR DEPRIVATION OF RIGHTS</u>

## <u>EIGHTH AMENDMENT VIOLATIONS</u>

28. Paragraphs 1 through 27 are incorporated by reference as if fully set forth at length herein.

29. The Eighth Amendment of the U.S. Constitution provides, in pertinent part, that excessive bail shall not be required nor excessive fines be imposed nor cruel and unusual

punishments be inflicted.

30. Defendants decisions to force Plaintiff to wrestle, fight, and have sexual intercourse showed deliberate indifference to the health and safety of Plaintiff. This violated his constitutionally protected Eighth Amendment right to be free from cruel and unusual punishment.

31. As a direct and proximate result of Defendant's actions, Plaintiff suffered physical and emotional injury and was deprived of other constitutionally protected rights described above.

32. Defendants Boysville and Family Independence Agency, acting under color of state law, authorized, tolerated, ratified, permitted, or acquiesced in the creation of policies, practices, and customs, establishing a de facto policy of deliberate indifference to individuals such as Plaintiff.

WHEREFORE, Plaintiff requests judgment against Defendants as set forth below.

## VII. THIRD CAUSE OF ACTION - 42 USC 1985(3)

## CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

33. Paragraphs 1 through 32 are incorporated by reference as if fully set forth at length herein.

34. Defendants acted together and conspired to deprive Plaintiff of the equal protection of the laws, and to deprive Plaintiff of privileges and immunities under the laws.

35. Defendants, acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights. Further, their actions in forcing Plaintiff to wrestle, fight, and have sexual intercourse showed deliberate indifference to Plaintiff's health, safety, and well-being and was a deprivation of his constitutionally protected rights.

36. As a direct and proximate result of Defendant's conduct, Plaintiff suffered physical and emotional injury, loss of freedom, and was deprived of other constitutionally protected

rights described above.

37. Defendants Boysville and Family Independence Agency, acting under color of state law, authorized, tolerated, ratified, permitted, or acquiesced in the creation of policies, practices, and customs, establishing a de facto policy of deliberate indifference to individuals such as Plaintiff.

WHEREFORE, Plaintiff requests judgment against Defendants as set forth below.

## VIII. FOURTH CAUSE OF ACTION

## BATTERY - SEXUAL

38. Paragraphs 1 through 37 are incorporated by reference as if fully set forth at length herein.

39. On at least two occasions, Defendant Stacy Cantu, coerced the Plaintiff, a minor at the time, into engaging in sexual intercourse with Stacy Cantu. This conduct occurred while Plaintiff was a resident at Boysville and while Plaintiff was 13 years of age.

40. Defendant Cantu did willfully and intentionally touch the person of Plaintiff by having Plaintiff engage in sexual intercourse with Defendant Cantu.

41. At all material times, Defendant Boysville employed Defendant Cantu and is liable for her acts. Boysville and the Family Independence Agency are also liable because of their policies, practices, and customs, which lead to this complained of violation.

42. As a direct and proximate result of the Defendants' battery as described above, Plaintiff has suffered permanent emotional and psychological injury.

43. Plaintiff is informed and believes, and based upon that information and belief, alleges that he will be required to expend additional sums for further medical care and treatment of the emotional and psychological injuries suffered by Plaintiff, the exact amount of which is unknown to Plaintiff at present.

44. The acts of Defendants, as alleged above, were done willfully, maliciously, and in wanton disregard of the rights of Plaintiff. As a result, Plaintiff is entitled to an award of

exemplary damages.

WHEREFORE, Plaintiff requests judgment against Defendants as set forth below.

## IX. FIFTH CAUSE OF ACTION

## BATTERY

45. Paragraphs 1 through 44 are incorporated by reference as if fully set forth at length herein.

46. On several occasions, Defendants Cantu, Norman, Tinsley, and Druffs, named above, forced Plaintiff to engage in wrestling and fighting with other residents of Boysville.

47. Defendants caused the willful and intentional touching of the Plaintiff's person against the Plaintiff's will by forcing Plaintiff to participate in these wrestling and fighting incidents.

48. At all material times, Defendant Boysville employed Defendants Cantu, Norman, Tinsley, and Druffs and is liable for their acts. Boysville and the Family Independence Agency are also liable because of their policies, practices, and customs, which lead to this complained of violation.

49. As a direct and proximate result of the Defendants' battery as described above, Plaintiff has suffered permanent emotional and psychological injury.

50. Plaintiff is informed and believes, and based upon that information and belief, alleges that he will be required to expend additional sums for further medical care and treatment of the emotional and psychological injuries suffered by Plaintiff, the exact amount of which is unknown to Plaintiff at present.

51. The acts of Defendants, as alleged above, were done willfully, maliciously, and in wanton disregard of the rights of Plaintiff. As a result, Plaintiff is entitled to an award of exemplary damages.

WHEREFORE, Plaintiff requests judgment against Defendants as set forth below.

## X. SIXTH CAUSE OF ACTION

## ASSAULT

52. Paragraphs 1 through 51 are incorporated by reference as if fully set forth at length herein.

53. Defendants Cantu, Norman, Tinsley, and Druffs used their position of authority and threats of violence against Plaintiff, and other residents, to intimidate Plaintiff so that he would not report the behavior described above.

54. By so doing, Defendants made intentional and unlawful threats to do bodily injury to Plaintiff.

55. The Defendants' threats were made under circumstances which created in Plaintiff a well-founded fear of imminent peril.

56. Defendants' had the apparent present ability to carry out the act if not prevented.

57. At all material times, Defendant Boysville employed Defendants Cantu, Norman, Tinsley, and Druffs and is liable for their acts. Boysville and the Family Independence Agency are also liable because of their policies, practices, and customs, which lead to this complained of violation.

58. As a direct and proximate result of the Defendants' assault as described above, Plaintiff has suffered permanent emotional and psychological injury.

59. Plaintiff is informed and believes, and based upon that information and belief, alleges that he will be required to expend additional sums for further medical care and treatment of the emotional and psychological injuries suffered by Plaintiff, the exact amount of which is unknown to Plaintiff at present.

60. The acts of Defendants, as alleged above, were done willfully, maliciously, and in wanton disregard of the rights of Plaintiff. As a result, Plaintiff is entitled to an award of exemplary damages.

WHEREFORE, Plaintiff requests judgment against Defendants as set forth below.

## XI. SEVENTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

61. Paragraphs 1 through 60 are incorporated by reference as if fully set forth at length herein.

62. Defendants knew, or in the exercise of reasonable care should have know, that their actions and abuse of Plaintiff would result in serious emotional distress to Plaintiff.

63. In committing the acts described above, Defendants acted with willful, reckless, intentional, and deliberate disregard for the likelihood that Plaintiff would suffer severe emotional distress as a direct and proximate result of the conduct.

64. Defendants' conduct as alleged above was extreme and outrageous, and went beyond all bounds of decency.

65. As a direct and proximate result of Defendants' wrongful actions and abuse as described above, Plaintiff suffered severe emotional distress.

66. Boysville and the Family Independence Agency are also liable because of their policies, practices, and customs, which lead to this complained of violation.

WHEREFORE, Plaintiff requests judgment against Defendants as set forth below.

## XII. EIGHTH CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

67. Paragraphs 1 through 66 are incorporated by reference as if fully set forth at length herein.

68. Defendants knew, or in the exercise of reasonable care should have known, that their conduct and abuse would result in serious emotional distress to Plaintiff.

69. Defendants, as custodian and caretaker of Plaintiff, owed a duty to Plaintiff to refrain from abusing and sexually assaulting him.

70. Defendants negligently and carelessly breached the duty described above by negligently and carelessly engaging in acts of sexual assault, battery, and abuse with Plaintiff in

disregard for the likelihood that Plaintiff would suffer severe emotional distress as a direct and proximate result of the conduct.

71. Defendants' conduct as alleged above was extreme and outrageous, and went beyond all bounds of decency.

72. As a direct and proximate result of Defendants' wrongful actions and abuse as described above, Plaintiff suffered severe emotional distress.

73. Boysville and the Family Independence Agency are also liable because of their policies, practices, and customs, which lead to this complained of violation.

WHEREFORE, Plaintiff requests judgment against Defendants as set forth below.

## XIII. NINTH CAUSE OF ACTION

## NEGLIGENCE

74. Paragraphs 1 through 73 are incorporated by reference as if fully set forth at length herein.

75. Defendants, as custodian and caretaker of Plaintiff, owed a duty to Plaintiff to refrain from abusing and sexually assaulting him.

76. Defendants negligently and carelessly breached the duty described above by negligently and carelessly engaging in acts of sexual assault, battery, and abuse with Plaintiff in disregard for the likelihood that Plaintiff would suffer severe emotional distress as a direct and proximate result of the conduct.

77. As a direct and proximate result of the Defendants' negligence, Plaintiff has suffered permanent emotional and psychological injury, all to his detriment.

78. As a further direct and proximate result of the Defendants' negligence, Plaintiff, based upon information and belief, believes that he will be required to expend additional sums for further medical care and treatment of the emotional and psychological injuries suffered by him, the exact amount of which is unknown to Plaintiff at this time.

79. The acts of Defendants were done willfully, maliciously, and in wanton disregard of the rights of Plaintiff.

80. Boysville and the Family Independence Agency are also liable because of their policies, practices, and customs, which lead to this complained of violation.

WHEREFORE, Plaintiff requests judgment against Defendants as set forth below.

## XIV. TENTH CAUSE OF ACTION

## BREACH OF DUTY - IN LOCO PARENTIS

81. Paragraphs 1 through 80 are incorporated by reference as if fully set forth at length herein.

82. Defendants, acting in loco parentis, and in whom was placed Plaintiff's care, custody, and control, owed a duty to Plaintiff to take care of, and act in the best interest of Plaintiff.

83. Defendants breached the duty owed to Plaintiff by engaging in wrongful acts and sexual assaults, battery, and abuse of Plaintiff as described above.

WHEREFORE, Plaintiff requests judgment against Defendants as set forth below.

## XV. ELEVENTH CAUSE OF ACTION - AGENCY

84. Paragraphs 1 through 83 are incorporated by reference as if fully set forth at length herein.

85. Defendants Boysville and Family Independence Agency require that any complaint against an employee is investigated and require that all employees are of good moral character, emotionally stable, and are able to perform the duties assigned.

86. The investigation, suspension, or termination would have been in furtherance of these policies.

87. Defendant employees, at all times relevant and while committing sexual assault, battery, and abuse of Plaintiff, were acting as the agent of Defendants Boysville and Family Independence Agency.

88. As a direct and proximate result of the agency alleged above, Defendants Boysville and

Family Independence Agency are liable for the acts of the Defendant employees.

WHEREFORE, Plaintiff requests judgment against Defendants as set forth below.

## XVI. TWELFTH CAUSE OF ACTION

## CRIMINAL SEXUAL CONDUCT IN THE FIRST DEGREE

89. Paragraphs 1 through 88 are incorporated by reference as if fully set forth at length herein.

90. Defendant and Agent of Boysville Stacy Cantu engaged in sexual penetration with Plaintiff.

91. At the time of the sexual penetration, Plaintiff was 13 years of age.

92. Defendant Stacy Cantu was in a position of authority over Plaintiff and used this authority over Plaintiff to coerce the Plaintiff to submit.

93. The above described conduct constitutes Criminal Sexual Conduct in the First Degree and is a felony punishable by imprisonment in the state prison for life or for any term of years.

94. Defendant Stacy Cantu's conduct as alleged above was extreme and outrageous, and went beyond all bounds of decency.

95. As a direct and proximate result of Defendants' wrongful actions and abuse as described above, Plaintiff suffered severe psychological and emotional distress.

WHEREFORE, Plaintiff requests judgment against the Defendants, jointly and severally:

1. In an amount in excess of $75,000.00 as determined by this Honorable Court;
2. Awarding Plaintiff the costs of this action and actual attorney fees as provided in law;

3. Granting Plaintiff such other and further relief as the Court deems just and proper.

Dated: 3/14/5

WILSON, LETT & KERBAWY, PLC

By: ______________________

Steven T. Lett (P31241)
Attorney for Plaintiff
209 N. Walnut, Suite A
Lansing, Michigan 48933
(517) 372-4204

Tarnow
MM 05-70996

JS 44 11/99

# CIVIL COVER SHEET

COUNTY IN WHICH THIS ACTION AROSE: LENAWEE

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**I. (a) PLAINTIFFS**

DOMINIC J. SCOTT

(b) County of Residence of First Listed JACKSON

(C) Attorney's (Firm Name, Address, and Telephone Number)
Steven T. Lett (P31241)
WILSON, LETT & KERBAWY, PLC
209 N. Walnut, Ste. A
Lansing, MI 48933 (517) 372-4204

**DEFENDANTS**

BOYSVILLE OF MICHIGAN, BROTHER FRANCIAS BOYLAN, STACY CANTU, EMPLOYEE DRUFFS, EMPLOYEE NORMAN, EMPLOYEE TINSELY, AND FAMILY INDEPENDENCE AGENCY

County of Residence of First Listed LENAWEE

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PLA | DEF | | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment and Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

TORTS — PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault Libel And Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

TORTS — PERSONAL INJURY
- ☐ 362 Personal Injury-Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21: 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☒ 440 Other Civil Rights

PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

FILED
MAR 15 2005
U.S. DISTRICT COURT
FLINT, MICHIGAN

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multi district Litigation
- ☐ 7 Appeal to District Judge from Magistrate

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 USC 1983 Civil Action for Deprivation of Rights of juvenile while detained in state facility

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 $DEMAND

CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S)** (See instructions): IF ANY JUDGE ____ DOCKET NUMBER ____

DATE 3/14/5

SIGNATURE OF ATTORNEY OF RECORD [signature]

# PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?

- [ ] Yes
- [x] No

If yes, give the following information:

Court: ____________________

Case No.: ____________________

Judge: ____________________

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)

- [ ] Yes
- [x] No

If yes, give the following information:

Court: ____________________

Case No.: ____________________

Judge: ____________________

Notes :