13

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

DOMINIC J. SCOTT,

Plaintiff,

v

BOYSVILLE OF MICHIGAN, BROTHER FRANCIS BOYLAN, STACY CANTU, EMPLOYEE DRUFFS, EMPLOYEE NORMAN, EMPLOYEE TINSLEY, and FAMILY INDEPENDENCE AGENCY, jointly and severally,

Defendants.

Case No. 05-70996

Honorable Arthur J. Tarnow

**ANSWER OF DEFENDANTS BOYSVILLE OF MICHIGAN AND BROTHER FRANCIS BOYLAN**

05 MAY -2 P 3:54

---

BODMAN LLP
By: Thomas Van Dusen (P30602)
Joseph E. Viviano (P60378)
201 W. Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6000
Attorneys for Defendants Boysville of Michigan and Brother Francis Boylan

WILSON LETT & KERBAWY, PLC
By: Steven T. Lett (P31241)
209 N. Walnut, Suite A
Lansing, MI 48933
(517) 372-4204
Attorneys for Plaintiff

---

# ANSWER OF DEFENDANTS BOYSVILLE OF MICHIGAN AND BROTHER FRANCIS BOYLAN

Defendants Holy Cross Children's Services and Brother Francis Boylan, by their undersigned attorneys, state as follows for their answer to plaintiff's complaint:

## I. JURISDICTION

1. Neither admit nor deny for lack of information or knowledge sufficient to form a belief as to the truth thereof.

## II. VENUE

2. Neither admit nor deny for lack of information or knowledge sufficient to form a belief as to the truth thereof.

## II. PARTIES

3. Neither admit nor deny for lack of information or knowledge sufficient to form a belief as to the truth thereof.

4.-5. Admit only that defendant Boysville of Michigan ("Boysville"), now known as Holy Cross Children's Services, is a non-profit Michigan corporation and defendant Brother Francis Boylan is the director of Boysville.

6. Admit only that these individuals were employees of defendant Boysville. Neither admit nor deny the remaining allegation herein for lack of information or knowledge sufficient to form a belief as to the truth thereof.

7. Neither admit nor deny for lack of information or knowledge sufficient to form a belief as to the truth thereof.

## IV. FACTUAL BACKGROUND APPLICABLE TO ALL CLAIMS

8. Admit only that Dominic J. Scott was admitted to a Boysville residential facility located in Clinton, Michigan pursuant to court order. Neither admit nor deny the remaining

allegations herein for lack of information or knowledge sufficient to form a belief as to the truth thereof.

9. The allegation herein is a legal conclusion and not an allegation of fact and thus no response is required.

10.-17. Neither admit nor deny plaintiff's allegations as to the actions or conduct of co-defendants for lack of information or knowledge sufficient to form a belief as to the truth thereof.

**V. FIRST CAUSE OF ACTION – 42 USC 1983**
**CIVIL ACTION FOR DEPRIVATION OF RIGHTS**
**FOURTEENTH AMENDMENT VIOLATIONS**

18. Defendants incorporate their responses to paragraphs 1 – 17 herein.

19.-24. Denied for the reason that these allegations are not true.

25. Neither admit nor deny as to injuries sustained by plaintiff for lack of information or knowledge sufficient to form a belief as to the truth thereof. In further answer, defendants deny that any such injuries as allegedly sustained by plaintiff were caused in any manner whatsoever by their actions or conduct.

26.-27. Denied for the reason that these allegations are not true.

WHEREFORE, defendants Boysville and Brother Francis Boylan request dismissal of Count I of plaintiff's complaint, and further request that they be awarded their attorney fees and costs.

**VI. SECOND CAUSE OF ACTION – 42 USC 1983**
**CIVIL ACTION FOR DEPRIVATION OF RIGHTS**
**EIGHTH AMENDMENT VIOLATIONS**

28. Defendants incorporate their responses to paragraphs 1 – 27 herein.

29. The allegation herein is a legal conclusion and not an allegation of fact and thus no response is required.

30. Denied for the reason that these allegations are not true.

31. Neither admit nor deny as to injuries sustained by plaintiff for lack of information or knowledge sufficient to form a belief as to the truth thereof. In further answer, defendants deny that any such injuries as allegedly sustained by plaintiff were caused in any manner whatsoever by their actions or conduct.

32. Denied for the reason that these allegations are not true.

WHEREFORE, defendants Boysville and Brother Francis Boylan request dismissal of Count II of plaintiff's complaint, and further request that they be awarded their attorney fees and costs.

## VII. THIRD CAUSE OF ACTION – 42 USC 1985(3) CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

33. Defendants incorporate their responses to paragraphs 1 – 32 herein.

34.-35. Denied for the reason that these allegations are not true.

36. Neither admit nor deny as to injuries sustained by plaintiff for lack of information or knowledge sufficient to form a belief as to the truth thereof. In further answer, defendants deny that any such injuries as allegedly sustained by plaintiff were caused in any manner whatsoever by their actions or conduct.

37. Denied for the reason that these allegations are not true.

WHEREFORE, defendants Boysville and Brother Francis Boylan request dismissal of Count III of plaintiff's complaint, and further request that they be awarded their attorney fees and costs.

## VIII. FOURTH CAUSE OF ACTION BATTERY - SEXUAL

38. Defendants incorporate their responses to paragraphs 1 – 37 herein.

39.-40 Neither admit nor deny as to injuries sustained by plaintiff for lack of information or knowledge sufficient to form a belief as to the truth thereof. In further answer, defendants deny that any such injuries as allegedly sustained by plaintiff were caused in any manner whatsoever by their actions or conduct.

41. Admit only that defendant Stacy Cantu was an employee of Boysville. Defendants deny the remaining allegations herein for the reason that they are not true.

42.-43. Neither admit nor deny as to injuries sustained by plaintiff for lack of information or knowledge sufficient to form a belief as to the truth thereof. In further answer, defendants deny that any such injuries as allegedly sustained by plaintiff were caused in any manner whatsoever by their actions or conduct.

44. Denied for the reason that these allegations are not true.

WHEREFORE, defendants Boysville and Brother Francis Boylan request dismissal of Count IV of plaintiff's complaint, and further request that they be awarded their attorney fees and costs.

## IX. FIFTH CAUSE OF ACTION BATTERY

45. Defendants incorporate their responses to paragraphs 1 – 44 herein.

46.-47. Neither admit nor deny as to injuries sustained by plaintiff for lack of information or knowledge sufficient to form a belief as to the truth thereof. In further answer, defendants deny that any such injuries as allegedly sustained by plaintiff were caused in any manner whatsoever by their actions or conduct.

48. Admit only that defendants Cantu, Norman, Tinsley and Druffs were employees of Boysville. Defendants deny the remaining allegations herein for the reason that they are not true.

49.-50. Neither admit nor deny as to injuries sustained by plaintiff for lack of information or knowledge sufficient to form a belief as to the truth thereof. In further answer, defendants deny that any such injuries as allegedly sustained by plaintiff were caused in any manner whatsoever by their actions or conduct.

51. Denied for the reason that these allegations are not true.

WHEREFORE, defendants Boysville and Brother Francis Boylan request dismissal of Count V of plaintiff's complaint, and further request that they be awarded their attorney fees and costs.

## X. SIXTH CAUSE OF ACTION
## ASSAULT

52. Defendants incorporate their responses to paragraphs 1 – 51 herein.

53.-56. Neither admit nor deny as to injuries sustained by plaintiff for lack of information or knowledge sufficient to form a belief as to the truth thereof. In further answer, defendants deny that any such injuries as allegedly sustained by plaintiff were caused in any manner whatsoever by their actions or conduct.

57. Admit only that defendants Cantu, Norman, Tinsley and Druffs were employees of Boysville. Defendants deny the remaining allegations herein for the reason that they are not true.

58.-59. Neither admit nor deny as to injuries sustained by plaintiff for lack of information or knowledge sufficient to form a belief as to the truth thereof. In further answer,

defendants deny that any such injuries as allegedly sustained by plaintiff were caused in any manner whatsoever by their actions or conduct.

60. Denied for the reason that these allegations are not true.

WHEREFORE, defendants Boysville and Brother Francis Boylan request dismissal of Count VI of plaintiff's complaint, and further request that they be awarded their attorney fees and costs.

## XI. SEVENTH CAUSE OF ACTION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

61. Defendants incorporate their responses to paragraphs 1 – 60 herein.

62.-64. Denied for the reason that these allegations are not true.

65. Neither admit nor deny as to injuries sustained by plaintiff for lack of information or knowledge sufficient to form a belief as to the truth thereof. In further answer, defendants deny that any such injuries as allegedly sustained by plaintiff were caused in any manner whatsoever by their actions or conduct.

66. Denied for the reason that these allegations are not true.

WHEREFORE, defendants Boysville and Brother Francis Boylan request dismissal of Count VII of plaintiff's complaint, and further request that they be awarded their attorney fees and costs.

## XII. EIGHTH CAUSE OF ACTION NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

67. Defendants incorporate their responses to paragraphs 1 – 66 herein.

68. Denied for the reason that these allegations are not true.

69. The allegation herein is a legal conclusion and not an allegation of fact and thus

no response is required.

70.-71. Denied for the reason that these allegations are not true.

72. Neither admit nor deny as to injuries sustained by plaintiff for lack of information or knowledge sufficient to form a belief as to the truth thereof. In further answer, defendants deny that any such injuries as allegedly sustained by plaintiff were caused in any manner whatsoever by their actions or conduct.

73. Denied for the reason that these allegations are not true.

WHEREFORE, defendants Boysville and Brother Francis Boylan request dismissal of Count VIII of plaintiff's complaint, and further request that they be awarded their attorney fees and costs.

## XIII. NINTH CAUSE OF ACTION NEGLIGENCE

74. Defendants incorporate their responses to paragraphs 1 – 73 herein.

75. The allegation herein is a legal conclusion and not an allegation of fact and thus no response is required.

76. Denied for the reason that these allegations are not true.

77.-78. Neither admit nor deny as to injuries sustained by plaintiff for lack of information or knowledge sufficient to form a belief as to the truth thereof. In further answer, defendants deny that any such injuries as allegedly sustained by plaintiff were caused in any manner whatsoever by their actions or conduct.

79.-80. Denied for the reason that these allegations are not true.

WHEREFORE, defendants Boysville and Brother Francis Boylan request dismissal of

Count IX of plaintiff's complaint, and further request that they be awarded their attorney fees and costs.

**XIV. TENTH CAUSE OF ACTION**
**BREACH OF DUTY – IN LOCO PARENTIS**

81. Defendants incorporate their responses to paragraphs 1 – 80 herein.

82. The allegation herein is a legal conclusion and not an allegation of fact and thus no response is required.

83. Denied for the reason that these allegations are not true.

WHEREFORE, defendants Boysville and Brother Francis Boylan request dismissal of Count X of plaintiff's complaint, and further request that they be awarded their attorney fees and costs.

**XV. ELEVENTH CAUSE OF ACTION**
**AGENCY**

84. Defendants incorporate their responses to paragraphs 1 – 83 herein.

85.-86. Neither admit nor deny as to injuries sustained by plaintiff for lack of information or knowledge sufficient to form a belief as to the truth thereof. In further answer, defendants deny that any such injuries as allegedly sustained by plaintiff were caused in any manner whatsoever by their actions or conduct.

87.-88. Denied for the reason that these allegations are not true.

WHEREFORE, defendants Boysville and Brother Francis Boylan request dismissal of Count XI of plaintiff's complaint, and further request that they be awarded their attorney fees and costs.

**XVI. TWELFTH CAUSE OF ACTION**
**CRIMINAL SEXUAL CONDUCT IN THE FIRST DEGREE**

89. Defendants incorporate their responses to paragraphs 1 – 88 herein.

90.-94. Neither admit nor deny as to injuries sustained by plaintiff for lack of information or knowledge sufficient to form a belief as to the truth thereof. In further answer, defendants deny that any such injuries as allegedly sustained by plaintiff were caused in any manner whatsoever by their actions or conduct.

95. Neither admit nor deny as to injuries sustained by plaintiff for lack of information or knowledge sufficient to form a belief as to the truth thereof. In further answer, defendants deny that any such injuries as allegedly sustained by plaintiff were caused in any manner whatsoever by their actions or conduct.

WHEREFORE, defendants Boysville and Brother Francis Boylan request dismissal of Count XII of plaintiff's complaint, and further request that they be awarded their attorney fees and costs.

BODMAN LLP

By: ______________________________

Thomas Van Dusen (P30602)
Joseph E. Viviano (P60378)
201 W. Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6000
Attorneys for Defendants Boysville of Michigan and Brother Francis Boylan

May 2, 2005

**AFFIRMATIVE DEFENSES**

Defendants Boysville and Brother Francis Boylan, by their undersigned attorneys, state as follows for their affirmative defenses to plaintiff's complaint:

1. Plaintiff's complaint fails, in whole or in part, to state a claim upon which relief

can be granted as to these defendants.

2. Defendant Boysville has partial or complete immunity from the claims asserted by plaintiff.

3. Any injuries sustained by plaintiff were proximately caused by the actions of persons or entities other than these defendants.

4. Defendants did not breach any applicable duty owed to plaintiff, and any damages sustained by plaintiff were not proximately caused in any manner whatsoever by the actions or conduct of defendants.

5. Plaintiff's claims are barred by applicable statutes of limitations.

6. Any wrongful or otherwise tortious acts committed by co-defendants, as alleged in plaintiff's complaint, occurred outside the scope of their employment and/or agency.

Respectfully submitted,

BODMAN LLP

By: ______________________

Thomas Van Dusen (P30602)
Joseph E. Viviano (P60378)
201 W. Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6000
Attorneys for Defendants Boysville of Michigan and Brother Francis Boylan

May 2, 2005

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

DOMINIC J. SCOTT,

Plaintiff,

v

BOYSVILLE OF MICHIGAN, BROTHER FRANCIS BOYLAN, STACY CANTU, EMPLOYEE DRUFFS, EMPLOYEE NORMAN, EMPLOYEE TINSLEY, and FAMILY INDEPENDENCE AGENCY, jointly and severally,

Defendants.

Case No. 05-70996

Honorable Arthur J. Tarnow

**CERTIFICATE OF SERVICE**

---

BODMAN LLP
By: Thomas Van Dusen (P30602)
Joseph E. Viviano (P60378)
201 W. Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6000
Attorneys for Defendants Boysville of Michigan and Brother Francis Boylan

WILSON LETT & KERBAWY, PLC
By: Steven T. Lett (P31241)
209 N. Walnut, Suite A
Lansing, MI 48933
(517) 372-4204
Attorneys for Plaintiff

---

## CERTIFICATE OF SERVICE

I certify that I am an employee of Bodman LLP and that I served via FIRST CLASS MAIL, a copy of **ANSWER, AFFIRMATIVE DEFENSES, FIRST INTERROGATORIES TO PLAINTIFF,** and this **CERTIFICATE OF SERVICE** upon the persons listed below as follows:

WILSON LETT & KERBAWY, PLC
Steven T. Lett, Esq.
209 N. Walnut, Suite A
Lansing, MI 48933
(517) 372-4204
Attorneys for Plaintiff

I declare that the statements above are true to the best of my information, knowledge and belief.

Norma G. Kahn
Norma G. Kahn

Dated: 5-2-05



Troy_369436_1