UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOMINIC J. SCOTT,

Plaintiff,

v

BOYSVILLE OF MICHIGAN, BROTHER FRANCIAS BOYLAN, STACY CANTU, EMPLOYEE DRUFFS, EMPLOYEE NORMAN, EMPLOYEE TINSLEY, and FAMILY INDEPENDENCE AGENCY,

Defendants.
_____________________________________/

No. 05-70996
Hon. Arthur J. Tarnow
Magistrate Judge Mona K. Majzoub

Steven T. Lett (P31241)
Attorney for Plaintiff
_____________________________________

Thomas Van Dusen (P30602)
Joseph E. Viviano (P63078)
Attorneys for Defendants Boysville of Michigan
and Brother Francais Boylan
_____________________________________

James T. Farrell (P35400)
Attorney for Defendant Family Independence Agency
Michigan Department of Attorney General
Public Employment, Elections, & Tort Division
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434
_____________________________________

**MICHIGAN FAMILY INDEPENDENCE AGENGY'S MOTION TO DISMISS AND BRIEF IN SUPPORT**

The Michigan Family Independence Agency (FIA), Defendant herein, by Michael A. Cox, Attorney General for the State of Michigan, and James T. Farrell, Assistant Attorney General, moves for dismissal of Plaintiff's Complaint pursuant to FR Civ P 12(b)(1) and (2)

because this Court lacks subject matter jurisdiction as well as personal jurisdiction over the FIA under the Eleventh Amendment. In support of the relief requested herein, counsel for the Defendant represents to the Court as follows:

1. Seeking monetary relief, Plaintiff filed suit against the Michigan Family Independence Agency, among others, on March 15, 2005, for violating his civil rights. Plaintiff alleges that he was beaten and sexually assaulted more than five years ago while he was a juvenile detainee at Boysville of Michigan, which is a privately operated juvenile detention facility located in Clinton, Michigan. The FIA's liability for Plaintiff's alleged injuries is premised on the claim that it "authorized, tolerated, ratified, permitted, or acquiesced in the creation of policies, practices, and customs, establishing a *de facto* policy of deliberate indifference to individuals such as Plaintiff." (¶ 26, as well as ¶¶ 32, 37, 41, 48, 57, 66, 73, and 80 of Plaintiff's Complaint).

2. The Eleventh Amendment bars a suit against a state or one of its agencies in federal court unless the state has waived its immunity or unless Congress has exercises its power under § 5 of the Fourteenth Amendment to override that immunity. *Will v Michigan Department of State Police*, 491 US 58, 66 (1989). Eleventh Amendment immunity constitutes a jurisdictional bar, and neither supplemental jurisdiction nor any other basis for jurisdiction overrides Eleventh Amendment immunity. *Pennhurst State School & Hospital v Halderman,* 465 US 89, 100, 121 (1984).[1]

[1] Eleventh Amendment immunity is an issue of jurisdiction, but the issue is no longer classified as simply a question of subject matter jurisdiction. *Ku v Tennessee*, 322 F3d 431, 434 (6th Cir, 2003) ("by creating a clear rule of waiver by removal, the Supreme Court [in *Lapides v Board of Regents of the University System of Georgia*, 535 US 613 (2002)] has unequivocally rejected the view that, in cases over which the federal court otherwise has original jurisdiction, the additional 'jurisdictional bar' erected by the Eleventh Amendment should be treated as a matter of 'subject matter' jurisdiction rather than 'personal' jurisdiction").

3. The FIA, now known as the Department of Human Services,[2] is, without a doubt, an agency of the State of Michigan. MCL 400.1(1). Michigan has not waived immunity in this action, nor has Congress overridden such immunity. Thus, the FIA is immune from suit in federal court under the Eleventh Amendment.

4. Defendant's counsel has spoken with Plaintiff's attorney via telephone concerning the FIA's Eleventh Amendment immunity. However, Plaintiff's counsel was unwilling to voluntarily dismiss the FIA from this lawsuit necessitating the filing of this Motion to Dismiss.

WHEREFORE, the Michigan Family Independence Agency respectfully requests that this Court enter an order dismissing it from this lawsuit.

**BRIEF IN SUPPORT**

The Eleventh Amendment to the United States Constitution bars this Court from granting Plaintiff's requested relief against the Michigan Family Independence Agency. The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State.

On its face, the Eleventh Amendment precludes only suits against states brought by out-of-state citizens in federal court. The Supreme Court, in construing the amendment, however, has treated the amendment as the embodiment of the doctrine of sovereign immunity. The Court, therefore, has applied the amendment to circumstances outside of its express terms. The Supreme Court has ruled that the amendment prohibits suits in federal courts against states, their agencies, and officials, by citizens of that state, or other states, unless the immunity from suit is

---

[2] On December 9, 2004, the Michigan Governor issued Executive Order 2004-38, bearing an effective date of March 15, 2005, that renames the Family Independence Agency as the Department of Human Services.

expressly waived by the state or Congress. *Pennhurst State School & Hospital v Halderman*, 465 US 89, 100 (1984).

It should be noted that, while the Supreme Court has always treated the Eleventh Amendment immunity as an issue of subject matter jurisdiction, the Sixth Circuit Court of Appeals has determined that Eleventh Amendment immunity should be treated like personal jurisdiction. *Ku v Tennessee*, 322 F3d 431, 432-35 (6th Cir, 2003). Therefore, this Motion is being brought under both FR Civ P 12(b)(1) and 12(b)(2).

The Plaintiff cannot legitimately argue that the FIA is not an agency of the State of Michigan. MCL 400.1(1) ("A department of state government is created that shall be known and designated as the family independence agency, and that shall possess the powers granted and perform the duties imposed in this act. . . .") Neither Michigan nor Congress has waived the State of Michigan's Eleventh Amendment immunity. Thus, the FIA is immune from suit under the Eleventh Amendment.

Should Plaintiff survive this jurisdictional challenge, the FIA should nevertheless be dismissed because Plaintiff has failed to state a claim upon which relief can be granted against the FIA. The claims against the FIA under 42 USC § 1983 fail to state a claim because states and state agencies are not considered a "person" within the meaning of that statute. *Will v Michigan Department of State Police,* 491 US 58, 64 (1989). Nor can the FIA be held liable under § 1983 on a respondeat superior or vicariously liability basis. *Monnell v Department of Social Services,* 436 US 658, 691-92 (1978), *Street v Correctional Corporation of America*, 102 F3d 810, 818 (6th Cir, 1996). Since Plaintiff cannot prevail on his § 1983 claim against the FIA, his § 1985(3) claim likewise must fail. Furthermore, under Michigan law, the FIA has broad

immunity from tort liability. MCL 691.1405(1). Thus, the Plaintiff has failed to state a claim under state law against the FIA.

WHEREFORE, for all the foregoing reasons, the Michigan Family Independence Agency should be dismissed from this lawsuit.

Respectfully submitted,

Michael A. Cox
Attorney General

*s/James T. Farrell (P35400)*

James T. Farrell
Assistant Attorney General
Attorney for Defendants

Dated: July 11, 2005
2005017363A/mot&briefdismiss

**CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2005, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing of the following: Michigan Family Independence Agency's Motion to Dismiss and Brief in Support, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:

Steven T. Lett
Wilson, Lawler,
209 N. Walnut Street
Suite A
Lansing, MI 48933-1121

Thomas P. Van Dusen
Bodman (Troy)
201 W. Big Beaver Road
Suite 500
Troy, MI 48084

*James T. Farrell* (P35400)
Dept of Attorney General
Public Employment, Elections, & Tort Division
P.O. Box 30736
Lansing, MI 48909-8236
(517) 373-6434

Email: FarrellJT@michigan.gov